# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALLERGAN PLC, et al.,<br><br>    Defendants. | Case No. 17-cv-00312-WHO<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. Nos. 23, 43, 54, 61, 62 |

    Defendants Watson Laboratories, Inc., Allergan Finance, LLC, and Allergan plc (collectively "Watson") ask me to stay the FTC's action here – seeking substantive relief on claims for violation of the Section 5(a) of the FTC Act and Section 7 of the Clayton Act related to defendants' 2012 "reverse-payment" settlement ("Endo settlement") – pending resolution of Watson's related declaratory relief action in the Eastern District of Pennsylvania (EDPA). Their motion is GRANTED.

    Watson's EDPA action seeks a declaration that: (1) the Federal Trade Commission Act (the "FTC Act") does not authorize the FTC to bring federal court litigation – as opposed to administrative proceedings – to challenge conduct that is no longer occurring, and in the alternative, that (2) the FTC Act does not authorize the FTC to seek disgorgement or restitution in any such litigation. EDPA Case No. 16-cv-5599-PD, Dkt. No. 1. It was filed following the voluntary dismissal of the FTC's lawsuit against Watson (filed in March 2016 in the Eastern District of Pennsylvania) challenging both the Endo settlement and a different reverse-payment settlement.[1]

---

[1] Watson filed its declaratory relief action on October 26, 2016, the day after the FTC voluntarily dismissed its EDPA action. Allergan Finance LLC separately filed a similar declaratory relief action in the EDPA action that was consolidated with Watson's action. EDPA Case No. 17-cv-406-PD.

The FTC initially chose to file the claims it asserts here in the Eastern District of Pennsylvania, despite the fact that the MDL cases were being actively litigated and had been proceeding in this Court for two years. While the FTC was clear about its plans to voluntarily dismiss its claims regarding the Endo settlement and refile them here if the Hon. Paul S. Diamond in Pennsylvania decided to sever its claims regarding another reverse-payment settlement, because of the necessity to get Commission approval it did not refile here until many months *after* Judge Diamond severed the claims, the FTC had dismissed its case without prejudice and Watson filed its declaratory relief action in Pennsylvania.

A short stay in this action is appropriate. It will allow Judge Diamond to rule on the "gateway" legal issues, which will not prejudice the FTC or the public. Judge Diamond has expressed his interest in resolving those legal issues and has set a schedule for expedited discovery. Briefing on the FTC's motion to dismiss and Watson's motion for entry of declaratory judgment will be submitted to Judge Diamond by June 7, 2017. Meanwhile, the FTC will continue to benefit from the exhaustive discovery taken in the related MDL proceedings, and may likewise benefit from legal and factual determinations made therein. With respect to the FTC's request for injunctive relief, because there is no evidence that the Watson defendants are likely to enter into a similar reverse-payment settlement in the near future, there is no current threat of harm to the public.

For these reasons, the motion to stay is GRANTED. All proceedings in this case are stayed during the pendency of the case before Judge Diamond in the Eastern District of Pennsylvania (EDPA Case No. 16-cv-5599-PD).

**IT IS SO ORDERED.**

Dated: April 5, 2017

William H. Orrick
United States District Judge